**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PPC BROADBAND, INC.,**

                **Plaintiff,**                       5:13-cv-1310
                                                                   (GLS/DEP)

              v.

**CORNING GILBERT INC.,**

                **Defendant.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Hiscock, Barclay Law Firm        DOUGLAS J. NASH, ESQ.
One Park Place                      JASON C. HALPIN, ESQ.
300 South State Street            JOHN D. COOK, ESQ.
Syracuse, NY 13202-2078       DENIS J. SULLIVAN, ESQ.

**FOR THE DEFENDANT:**
DLA Piper LLP                      JOSEPH P. LAVELLE, ESQ.
500 Eighth Avenue NW          SUSAN N. ACQUISTA, ESQ.
Washington, DC 22004           ANDREW N. STEIN, ESQ.

Harter, Secrest Law Firm         DAVID M. LASCELL, ESQ.
1600 Bausch and Lomb Plaza    ERIKA N.D. STANAT, ESQ.
Rochester, NY 14604-2711      JERAULD E. BRYDGES, ESQ.

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff PPC Broadband, Inc. commenced this action asserting

patent infringement claims against Corning Gilbert Inc. (Am. Compl., Dkt. No. 9.) Pending are PPC's motion for a preliminary injunction, (Dkt. No. 11), and Corning Gilbert's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), (Dkt. No. 14). For the reasons that follow, both motions are denied.

## II. Background

### A. Facts[1]

Both PPC and Corning Gilbert are engaged in the business of designing and manufacturing coaxial cable connectors. (Am. Compl. ¶¶ 7-8, 21, 26.) On October 15, 2012, PPC filed two patent applications for a coaxial cable connector, (*id.* ¶¶ 12, 16), which were approved and issued to PPC on October 22, 2013 and December 3, 2013, as U.S. Patent No. 8,562,366 ("366 patent") and U.S. Patent No. 8,597,041 ("041 patent"), respectively, (*id.* ¶¶ 13, 17; Dkt. No. 1, Attach. 1; Dkt. No. 1, Attach. 2). PPC has not licensed the use of these patents to Corning. (Am. Compl. ¶¶ 14, 18.)

PPC alleges that Corning has infringed the patents in suit by "making,

---

[1] The facts are drawn from PPC's amended complaint and presented in the light most favorable to it.

using, selling, offering for sale, and/or importing coaxial cable connectors," specifically Corning's UltraShield series connectors. (*Id.* ¶¶ 21, 26.) PPC alleges that "[Corning]'s acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of goodwill." (*Id.* ¶¶ 22, 27.)

B. **Procedural History**

The instant case, involving the alleged infringement of the 366 and 041 patents, was commenced on December 3, 2013. (Am. Compl.) At the time this action was commenced, PPC had already commenced another patent infringement action against Corning, which remains pending. (Dkt. No. 15, 5:12-cv-911.) In that earlier-filed case, PPC alleges that Corning's manufacture, sale, and importation of its UltraShield coaxial cable connectors infringes on different PPC patents from the ones involved in this lawsuit, namely U.S. Patent Nos. 8,192,237 ("237 patent") and 8,287,320 ("320 patent"). (*Id.* ¶¶ 1, 22, 27.)

### III. Standards of Review

A. **Motion to Dismiss**

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the

3

court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

**B.** <u>**Preliminary Injunction**</u>

"[P]reliminary injunctive relief is an extraordinary remedy and should not be routinely granted." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). To obtain a preliminary injunction, the moving party must show: "(1) a reasonable likelihood of success on the merits of its claims; (2) irreparable harm if an injunction is not granted; (3) a balance of hardships tipping in its favor; and (4) the injunction's favorable impact on the public interest." *Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1370 (Fed. Cir. 2005); *see Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir. 1994); *see also Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 973-74 (Fed. Cir. 1996) ("[A] trial court need not make findings concerning the third and fourth factors if the moving party fails to establish either of the first two factors.").

## IV. <u>Discussion</u>

**A.** <u>**Motion to Dismiss**</u>

Corning contends that the instant action filed by PPC regarding the 366 and 041 patents should be dismissed pursuant to the "claim splitting"

4

doctrine, and/or pursuant to the court's inherent authority to dismiss duplicative actions. (Dkt. No. 14, Attach. 2 at 7-15.) In opposition, PPC contends that the two actions are not duplicative, and that each patent represents a different cause of action, such that the instant action should not be dismissed. (Dkt. No. 38 at 5-19.)

At the outset, the court notes that it has already ruled on this same legal issue in yet another action between these two parties. Specifically, this court, following Federal Circuit precedent, held, under analogous factual circumstances, that "each patent represents a distinct cause of action, and, therefore, a second patent infringement action is not precluded where it deals with different patents from those raised in an earlier action." *See PPC Broadband, Inc. v. Corning Gilbert Inc.*, No. 5:13-cv-538, 2013 WL 6145799, at *2 (N.D.N.Y. Nov. 21, 2013) (citing *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996)). For the same reasons, the court also finds that this action is not duplicative of the earlier-filed action involving the 237 and 320 patents, and the court declines to exercise its discretion to dismiss the current action. Corning's motion to dismiss is therefore denied.

**B.     Motion for Preliminary Injunction**

PPC has also moved, pursuant to Fed. R. Civ. P. 65 and 35 U.S.C. §§ 271(a) and 283, for a preliminary injunction barring Corning "from making, using, importing, offering to sell, and/or selling coaxial cable connectors that infringe [the patents in suit], including [Corning]'s UltraShield line of coaxial cable connectors." (Dkt. No. 11 at 2.) Specifically, PPC argues that it would suffer irreparable harm if Corning were not enjoined from selling its allegedly infringing products, namely its UltraShield line of cable connectors, and that a preliminary injunction should issue because PPC is likely to succeed on the merits of its infringement claims. (Dkt. No. 11, Attach. 1 at 6-25.) Corning, on the other hand, argues that PPC is not likely to succeed on the merits because there is a substantial question going to the validity of the patents in suit, and because PPC has not suffered, and will not suffer, irreparable harm. (Dkt. No. 39 at 10-29.) For the reasons that follow, PPC's motion is denied.

As mentioned above, to obtain a preliminary injunction, PPC must show: "(1) a reasonable likelihood of success on the merits of its claims; (2) irreparable harm if an injunction is not granted; (3) a balance of hardships tipping in its favor; and (4) the injunction's favorable impact on the public interest." *Gillette*, 405 F.3d at 1370. In order to demonstrate a likelihood of

success on the merits, PPC would have to show, in light of the presumptions and burdens that will apply at trial, that Corning likely infringes the patents in suit, and that the claims of the patents will likely withstand Corning's challenges to validity. *See id.*; *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

Further, a party seeking a preliminary injunction must establish that it "is likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "'A clear showing'" of a risk of irreparable harm requires that a party show "'a likelihood of substantial and immediate irreparable injury.'" *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). The burden of proving a likelihood of irreparable harm absent a court's issuance of a preliminary injunction rests with the moving party. *See id.*; *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155 (Fed.

Cir. 2011) ("[T]he burden of proving irreparable harm was of course [the moving party's].).

With these requirements in mind, assuming, without deciding, that PPC can establish a likelihood of success on the merits and defeat Corning's challenges to the validity of the patents in suit, the motion for preliminary injunction is denied because PPC has not demonstrated a likelihood of substantial and immediate irreparable harm if an injunction were not issued. *See Apple*, 678 F.3d at 1325. Here, PPC claims that it will suffer irreparable harm in the form of price erosion, damage to its goodwill and reputation, and layoffs of employees. (Dkt. No. 11, Attach. 1 at 12-24.) With respect to price erosion, PPC argues that it has no choice but to sell its connectors for lower prices in order to compete with Corning in the relevant market, and that, even if it reduces its prices in the meantime, and ultimately prevails at trial, asking its customers to later pay higher prices is "not an option," as its customers will "staunchly refuse to accept any increase[d] prices." (*Id.* at 17-18.) However, the record indicates that PPC's competitors, in addition to Corning, are selling connectors at prices lower than PPC, such that PPC has "received pricing pressures from . . . [e]verybody" else in the market. (Dkt. No. 39, Attach.

8

14 at 3.) Additionally, as Corning notes, (Dkt. No. 39 at 23-24), PPC's own expert could not express an opinion with a reasonable degree of certainty that the alleged price erosion is caused by Corning, (Dkt. No. 39, Attach. 15 at 4).

With respect to the other claimed forms of irreparable harm, at this juncture they are too speculative to merit a preliminary injunction. *See Automated Merch. Sys., Inc. v. Crane Co.*, 357 F. App'x 297, 301 (Fed. Cir. 2009) ("[G]ranting preliminary injunctions on the basis of speculative loss of market share would result in granting preliminary injunctions 'in every patent case where the patentee practices the invention.'" (quoting *Nutrition 21 v. United States*, 930 F.2d 867, 871 (Fed. Cir. 1991)). In sum, PPC has not shown that it would be likely to suffer harm, beyond lost sales or lost profits, that could not be adequately compensated by money damages by a jury, if PPC were to prevail at trial. *See Canon, Inc. v. GCC Int'l, Ltd.*, 263 F. App'x 57, 62 (Fed. Cir. 2008) ("[I]rreparable harm consists of harm that could not be sufficiently compensated by money damages or avoided by a later decision on the merits."); *Nutrition 21*, 930 F.2d at 871 ("[N]either the difficulty of calculating losses in market share, nor speculation that such losses might occur, amount to proof of special circumstances justifying the

14 at 3.) Additionally, as Corning notes, (Dkt. No. 39 at 23-24), PPC's own expert could not express an opinion with a reasonable degree of certainty that the alleged price erosion is caused by Corning, (Dkt. No. 39, Attach. 15 at 4).

With respect to the other claimed forms of irreparable harm, at this juncture they are too speculative to merit a preliminary injunction. *See Automated Merch. Sys., Inc. v. Crane Co.*, 357 F. App'x 297, 301 (Fed. Cir. 2009) ("[G]ranting preliminary injunctions on the basis of speculative loss of market share would result in granting preliminary injunctions 'in every patent case where the patentee practices the invention.'" (quoting *Nutrition 21 v. United States*, 930 F.2d 867, 871 (Fed. Cir. 1991)). In sum, PPC has not shown that it would be likely to suffer harm, beyond lost sales or lost profits, that could not be adequately compensated by money damages by a jury, if PPC were to prevail at trial. *See Canon, Inc. v. GCC Int'l, Ltd.*, 263 F. App'x 57, 62 (Fed. Cir. 2008) ("[I]rreparable harm consists of harm that could not be sufficiently compensated by money damages or avoided by a later decision on the merits."); *Nutrition 21*, 930 F.2d at 871 ("[N]either the difficulty of calculating losses in market share, nor speculation that such losses might occur, amount to proof of special circumstances justifying the

extraordinary relief of an injunction prior to trial."); *Altana Pharma AG v. Teva Pharms. USA, Inc.*, 532 F. Supp. 2d 666, 683-84 (D.N.J. 2007) (denying motion for preliminary injunction where plaintiff failed to prove that the alleged harm, including price erosion, lost sales, and lost market opportunities, was incalculable in terms of money damages). Further, denial of the motion for preliminary injunction would better maintain the status quo between these two parties until this dispute is ultimately resolved. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). Accordingly, the motion for a preliminary injunction is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that PPC's motion for a preliminary injunction (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Corning's motion to dismiss (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that the parties notify Magistrate Judge Peebles in order to schedule further proceedings in accordance with this Memorandum-

Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 5, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court