## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

PPC BROADBAND, INC. d/b/a PPC,

               *Plaintiff,*

   -*vs*-

CORNING GILBERT INC.

               *Defendant.*

Civil Action No.
5:13-cv-01310 (GLS/DEP)

**JURY TRIAL DEMANDED**

## DEFENDANT CORNING OPTICAL COMMUNICATIONS RF, LLC'S
## ANSWER, DEFENSES & COUNTERCLAIM TO THE AMENDED COMPLAINT

Defendant Corning Optical Communications RF, LLC f/k/a Corning Gilbert Inc. ("Corning"), hereby answers the numbered paragraphs of the Amended Complaint of PPC Broadband, Inc. ("PPC") as follows:

### NATURE OF ACTION[1]

1.    This action, brought under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., seeks relief arising out of Gilbert's infringement of U.S. Patent Nos. 8,562,366 (the "'366 Patent") and 8,597,041 (the "'041 Patent"), each of which PPC is the owner by assignment. True and correct copies of the '366 Patent and '041 Patent are attached hereto as Exhibits A and B, respectively.

> **Answer to Paragraph 1:    Corning admits that this action purports to state a claim under the Patent Laws of the United States, 35 U.S.C. §1, *et seq*.  Corning denies that it infringes the '446 Patent or the '366 Patent.  Corning is without sufficient information to either admit or deny whether PPC is the owner by assignment of the '366 and '041 Patents.  Corning denies the remaining allegations of this paragraph.**

---

[1] Corning's replication of headings in the Complaint are merely for convenience and are not to be considered admission of their accuracy.  Accordingly, Corning denies them on this basis.

## PARTIES

2.      PPC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6176 East Molloy Road, East Syracuse, New York.

**Answer to Paragraph 2:      Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

3.      Upon information and belief, Gilbert is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5320 W. Camelback Road, Glendale, Arizona.

**Answer to Paragraph 3:      Corning admits that it is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 5320 W. Camelback Road, Glendale, Arizona.   Corning Gilbert denies the remaining allegations of this paragraph.**

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 281.

**Answer to Paragraph 4:      Corning admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.   Corning denies the remaining allegations of this paragraph.**

5.      This Court has personal jurisdiction over Gilbert, which regularly engages in extensive business transactions and solicitations in the State of New York and within this District, has contracted to supply goods and services within this District, and/or has committed acts of patent infringement in this District by making, selling and/or offering to sell, directly and/or through its agents or distributors, products that infringe one or more of the claims of one or more of PPC's patents.

**Answer to Paragraph 5:      Corning admits that this Court has personal jurisdiction over it in this case.   Corning denies that it has committed acts of patent**

**infringement in this or any other District and denies the remaining allegations of this paragraph.**

6.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400, because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District.

**Answer to Paragraph 6:    Corning admits that venue over it exists in this district under 28 U.S.C. §§ 1391 and/or 1400.  However, Corning denies that this is the most appropriate or convenient forum to exercise jurisdiction over this case.  Corning denies the remaining allegations of this paragraph.**

## FACTUAL ALLEGATIONS
### The Industry

7.    PPC is a worldwide leader in the design and manufacture of coaxial cable connectors for the cable and telecommunication industries.

**Answer to Paragraph 7:    Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

8.    PPC invests a substantial amount of capital in product development and improvement to maintain its position as a leading producer of innovative cable connector products.

**Answer to Paragraph 8:    Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

9.    Coaxial cable connectors are used to link coaxial cable between various electronic devices, including televisions, set top boxes, and broadband modems.

**Answer to Paragraph 9:    Corning admits that coaxial cable connectors are used to link coaxial cable between various electronic devices, including televisions, cable television boxes and computer modems.**

10.    PPC's cable connectors are used indoors and outdoors to connect cables from external sources (e.g., a utility pole) to end-user electronic devices.

**Answer to Paragraph 10:    Corning admits that cable connectors can be used indoors and outdoors to connect cables from external sources (e.g., a utility pole) to**

3

**end-user electronic devices.   Corning denies the remaining allegations of this paragraph.**

11.     Due to the high cost of labor associated with installing and maintaining cable connections, manufacturers of coaxial cable connectors attempt to design connectors that allow installers to create a long-term, reliable connection as quickly and easily as possible.

**Answer to Paragraph 11:     Corning denies the allegations of this paragraph.**

## THE '366 PATENT

12.     On October 15, 2012, PPC filed a patent application on the invention of Eric Purdy, Noah Montena and Jeremy Amidon, U.S. Patent Application Serial No. 13/652,124 (the "'124 Application"), entitled "Coaxial Cable Connector Having Electrical Continuity Member".

**Answer to Paragraph 12:     Corning admits that on October 15, 2012, PPC filed a patent application on behalf of purported inventors Eric Purdy, Noah Montena, and Jeremy Amidon that was assigned U.S. Patent Application Serial No. 13/652,124 and was entitled "Coaxial Cable Connector Having Electrical Continuity Member." Corning denies the remaining allegations of this paragraph.**

13.     On October 22, 2013, the '124 Application resulted in the issuance of the '366 Patent. The '366 Patent was assigned to PPC. PPC is the sole owner of, and has the sole right to sue upon, the '366 Patent.

**Answer to Paragraph 13:     Corning admits that on October 22, 2013, the '124 Application issued as the '366 Patent, but denies that the patent was issued in accordance with the Patent Laws of the United States.   Corning admits that the '366 Patent purports to be assigned to PPC Broadband, Inc.   Corning is without sufficient information to either admit or deny the remaining allegations of this paragraph, and on that basis, denies them.**

14.     PPC has not licensed Gilbert to practice the '366 Patent and Gilbert has no right or authority to license others to practice the '366 Patent.

**Answer to Paragraph 14:    Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

15.    Gilbert has actual notice of its infringement of the '366 Patent at least as a result of the commencement of this action.

**Answer to Paragraph 15:    Corning admits that it became aware of the '366 Patent on the day it was served with the original complaint in this matter.  Corning denies the remaining allegations of this paragraph.**

## THE '041 PATENT

16.    On October 15, 2012, PPC filed a patent application of the invention of Eric Purdy, Noah Montena and Jeremy Amidon, U.S. Patent Application Serial No. 13/652,029 (the "'029 Application"), entitled "Coaxial Cable Connector Having Electrical Continuity Member".

**Answer to Paragraph 16:    Corning admits that on October 15, 2012, PPC filed a patent application on behalf of purported inventors Eric Purdy, Noah Montena, and Jeremy Amidon that was assigned U.S. Patent Application Serial No. 13/652,029 and was entitled "Coaxial Cable Connector Having Electrical Continuity Member."  Corning denies the remaining allegations of this paragraph.**

17.    On December 3, 2013, the '029 Application resulted in the issuance of the '041 Patent. The '041 Patent was assigned to PPC. PPC is the sole owner of, and has the sole right to sue upon, the '041 Patent.

**Answer to Paragraph 17:    Corning admits that on December 3, 2013, the '029 Application issued as the '041 Patent, but denies that the patent was issued in accordance with the Patent Laws of the United States.  Corning admits that the '041 Patent purports to be assigned to PPC Broadband, Inc.  Corning is without sufficient information to either admit or deny the remaining allegations of this paragraph, and on that basis, denies them.**

18.    PPC has not licensed Gilbert to practice the '041 Patent and Gilbert has no right or authority to license others to practice the '041 Patent.

**Answer to Paragraph 18:    Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

5

19.     Gilbert has actual notice of its infringement of the '041 Patent at least as a result of the commencement of this action.

**Answer to Paragraph 19:    Corning admits that it became aware of the '041 Patent on the day it was served with the Amended Complaint in this action.  Corning denies the remaining allegations of this paragraph.**

## COUNT I
### *(Alleged Infringement of the '366 Patent)*

20.     PPC repeats and reasserts all allegations contained in Paragraphs 1 through 19 above as if they were stated in full herein.

**Answer to Paragraph 20:    Corning incorporates by reference, as fully set forth herein, its responses to paragraphs 1-19 of the Amended Complaint.**

21.     Gilbert has infringed at least one claim of the '366 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, Gilbert's UltraShield series connectors that bear model numbers such as GF-URS-59, GF-URS-59-K, GF-URS-59-K-SR, GF-URS-59-SR, GF-URS-6, GF-URS-6-K, GF-URS-6-K-SR, GF-URS-6-SR, GF-URS-6-P-K, GF-URS-6-P-SR.

**Answer to Paragraph 21:    Corning denies the allegations of this paragraph.**

22.     Gilbert's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of goodwill.

**Answer to Paragraph 22:    Corning denies the allegations of this paragraph.**

23.     Upon information and belief, Gilbert's unlawful infringing activity will continue unless and until Gilbert is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

**Answer to Paragraph 23:    Corning denies the allegations of this paragraph.**

EAST\77806846.1

24.     Gilbert's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

**Answer to Paragraph 24:**     **Corning denies the allegations of this paragraph.**

**COUNT II**
(***Infringement of the '041 Patent***)

25.     PPC repeats and reasserts all allegations contained in Paragraphs 1 through 24 as if they were stated in full herein.

**Answer to Paragraph 25:**     **Corning incorporates by reference, as fully set forth herein, its responses to paragraphs 1-24 of the Amended Complaint.**

26.     Gilbert has infringed at least one claim of the '041 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, Gilbert's UltraShield series connectors that bear model numbers such as GF-URS-59, GF-URS-59-K, GF-URS-59-K-SR, GF-URS-59-SR, GF-URS-6, GF-URS-6-K, GF-URS-6-K-SR, GF-URS-6-SR, GF-URS-6-P-K, GF-URS-6-P-SR.

**Answer to Paragraph 26:**     **Corning denies the allegations of this paragraph.**

27.     Gilbert's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of goodwill.

**Answer to Paragraph 27:**     **Corning denies the allegations of this paragraph.**

28.     Upon information and belief, Gilbert's unlawful infringing activity will continue unless and until Gilbert is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

**Answer to Paragraph 28:**     **Corning denies the allegations of this paragraph.**

7

29.     Gilbert's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

**Answer to Paragraph 29:     Corning denies the allegations of this paragraph.**

**GENERAL DENIAL**

Except where expressly admitted, each and every allegation contained in the Amended Complaint is denied. Corning further states that PPC is not entitled to the relief it seeks and is not entitled to any relief.

8

## CORNING OPTICAL COMMUNICATIONS RF, LLC'S DEFENSES

### FIRST DEFENSE

PPC's complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Corning does not infringe and has not infringed any valid and enforceable claim of either the '366 or '041 Patents.

### THIRD DEFENSE

The '366 and '041 Patents are invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code § 1, *et seq*.

### FOURTH DEFENSE

PPC's claims are barred in whole or in part by the doctrines of waiver, acquiescence, laches, estoppel, implied license, unclean hands and/or any other equitable remedy.

### FIFTH DEFENSE

Corning has engaged in all relevant activities in good faith, thereby precluding PPC, even if it prevails, from recovering reasonable attorney's fees and/or costs under 35 U.S.C. 285.

### SIXTH DEFENSE

PPC's claim for damages for alleged infringement is barred in whole or in part by its failure to comply with 35 U.S.C. § 287.

### SEVENTH DEFENSE

PPC is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and will not suffer any irreparable injury.

EAST\77806846.1

## **EIGHTH DEFENSE**

Corning reserves all affirmative defenses under Fed. R. Civ. P. 8(c), the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

EAST\77806846.1

## COUNTERCLAIM

1.       Pursuant to Fed. R. Civ. P. 13, Counter-Plaintiff, Corning Optical Communications RF, LLC f/k/a Corning Gilbert Inc. ("Corning"), complains and alleges against Counter-Defendant, PPC Broadband, Inc. ("PPC"), as follows:

## NATURE OF THE LAWSUIT

2.       This Counterclaim is an action for a declaration of patent non-infringement, patent invalidity, and unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*., and the patent laws of the United States, 35 U.S.C. § 1, *et. seq*.

## PARTIES

3.       Corning Gilbert is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 5320 W. Camelback Road, Glendale, Arizona.

4.       The Complaint alleges that PPC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6176 East Molloy Road, East Syracuse, New York.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over these counterclaims based on 28 U.S.C. §§ 1331, 1338, 2201-02 and under Fed. R. Civ. P. 13(a) in that this is a compulsory counterclaim to the allegations of the Complaint.

6.       Venue is proper in this judicial district because the declaratory relief sought is a compulsory counterclaim to claims filed by PPC in this case and pursuant to 28 U.S.C. §§ 1367 and 1391(b) .

7.       This Court has personal jurisdiction over PPC, *inter alia*, because PPC had submitted to personal jurisdiction herein by filing its Amended Complaint in this Court.

**COUNT I**
**INVALIDITY – NON-INFRINGEMENT – UNENFORCEABILITY – '366 PATENT**

8.      Corning repeats and re-alleges and incorporates herein the foregoing responses and allegations.

9.      By virtue of the Amended Complaint filed by PPC in this action, there is an actual and justifiable controversy between Corning and PPC concerning non-infringement, invalidity, and unenforceability with respect to the '366 Patent.   A judicial declaration is needed and appropriate to resolve this controversy.

10.      Corning seeks a declaration that the products made, used, imported, sold or offered for sale by Corning have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '366 Patent and/or that the '041 Patent is either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, et seq.

11.      This case qualifies as an exceptional case under 35 U.S.C. § 285.

**COUNT II**
**INVALIDITY – NON-INFRINGEMENT – UNENFORCEABILITY – '041 PATENT**

12.      Corning repeats and re-alleges and incorporates herein the foregoing responses and allegations.

13.      By virtue of the Amended Complaint filed by PPC in this action, there is an actual and justifiable controversy between Corning and PPC concerning non-infringement, invalidity, and unenforceability with respect to the '041 Patent.   A judicial declaration is needed and appropriate to resolve this controversy.

14.      Corning seeks a declaration that the products made, used, imported, sold or offered for sale by Corning have not and do not infringe, directly or indirectly, any valid and

enforceable claim of the '041 Patent and/or that the '041 Patent is either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq.*

15.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE,** Corning respectfully requests that this Court:

A.     Dismiss PPC's Amended Complaint with prejudice;

B.     Order and adjudge that Corning has not infringed any valid, enforceable claims of the '366 and '041 Patents;

C.     Order and adjudge that the '366 and '041 Patents are invalid under the patent laws of the United States for failure to comply with requirements of patentability set forth in Title 35, United States Code § 1, *et seq.*;

D.     Order and adjudge that the '366 and '041 Patents are unenforceable;

E.     Order and adjudge that this case is exceptional pursuant to 35 U.S.C. § 285, and award Corning its reasonable attorney's fees; and

F.     Grant Corning such further relief as this Court deems just and appropriate.

EAST\77806846.1

## JURY DEMAND

Corning hereby demands a jury trial on all issues so triable in this case.


Respectfully submitted,

Dated:  June 25, 2014

**DLA PIPER LLP (US)**
**HARTER SECREST & EMERY LLP**

By:   /s/ Joseph P. Lavelle

Jerauld E. Brydges (Bar Roll No. 511646)
David M. Lascell (Bar Roll No. 301665)
**HARTER SECREST & EMERY LLP**
1600 Bausch & Lomb Place
Rochester, NY  14604-2711
Telephone: (585) 232-6500
Facsimile: (585) 232-2152
E-Mail: jbrydges@hselaw.com
E-Mail: dlascell@hselaw.com
E-Mail: estanat@hselaw.com

Joseph P. Lavelle (Bar Roll No. 517129)
Andrew N. Stein (Bar Roll No. 514620)
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, D.C.  20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000
E-Mail: joe.lavelle@dlapiper.com
E-Mail: andrew.stein@dlapiper.com

Susan N. Acquista (to be admitted *pro hac vice*)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
E-mail: susan.acquista@dlapiper.com

***Attorneys for Defendant Corning Optical Communications RF, LLC f/k/a Corning Gilbert Inc.***

EAST\77806846.1

## CERTIFICATE OF SERVICE

I, certify that on June 25, 2014, the foregoing was filed with the Clerk of Court via the

CM/ECF system, which gave notice to all counsel who have made an appearance in this action.


*/s/ Joseph P. Lavelle*
Joseph P. Lavelle