UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PPC BROADBAND, INC.,

                   Plaintiff,               5:13-cv-1310
                                                        (GLS/DEP)

              v.

CORNING OPTICAL
COMMUNICATIONS RF, LLC,

                   Defendant.
_____

## SUMMARY ORDER

     Plaintiff PPC Broadband, Inc. commenced this action asserting patent infringement claims against Corning Optical Communications RF, LLC.[1] (Am. Compl., Dkt. No. 9.) In a Memorandum-Decision and Order dated June 5, 2014, this court denied PPC's motion for a preliminary injunction. (Dkt. No. 49.) Pending is PPC's motion pursuant to Federal Rules of Civil Procedure 52, 59, and 60 for reconsideration of the court's order denying its motion for a preliminary injunction, and/or to amend the findings of fact in that decision. (Dkt. No. 50.) For the reasons that follow, the motion is denied.

---

    [1] Although defendant is named in the amended complaint as Corning Gilbert Inc., the parties have since stipulated to amend the caption in order to reflect that Corning Gilbert Inc. is now known as Corning Optical Communications RF, LLC. (Dkt. Nos. 47, 57.)

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *C-TC 9th Ave. P'ship v. Norton Co.* (*In re C-TC 9th Ave. P'ship*), 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Johnson v. Lynn-Caron*, No. 9:11-CV-0386, 2012 WL 3888175, at *4 (N.D.N.Y. Sept. 7, 2012) (citations omitted); *see Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257.[2]

---

[2] The standards under the Federal Rules of Civil Procedure, also cited by PPC in its motion, are substantially similar to that described above. *See Batchelder v. Astrue*, No. 10-CV-00267, 2013 WL 2384239, at *1 (N.D.N.Y. May 30, 2013) ("The standards for motions to vacate under local district court rules are very similar to those used for motions to reconsider

2

The gist of PPC's motion for reconsideration is that the court's decision "was based on an incomplete factual record that was misrepresented by . . . Corning." (Dkt. No. 50, Attach. 1 at 1.) Specifically, PPC takes issue with the court's reference to the testimony of its expert, Mark Peterson, when this court noted that he "could not express an opinion with a reasonable degree of certainty that the alleged price erosion is caused by Corning." (*Id.* (quoting Dkt. No. 49 at 9).) The court ultimately concluded that PPC had not met its burden of demonstrating that it would suffer irreparable harm if an injunction were not issued—or that any irreparable harm was caused by Corning—and denied PPC's motion. (Dkt. No. 49 at 5-10.) PPC objects to the court's reliance on Peterson's testimony, arguing that Corning only pointed the court to an excerpt of the testimony that supported its argument and did not disclose the full deposition transcript and context in which Peterson made this statement. (Dkt. No. 50, Attach. 1 at 11-18.) Corning opposes the motion, arguing that

under Rule 60(b)."); *Oakes v. Astrue*, No. 5:06-CV-332, 2009 WL 10212506, at *1 (N.D.N.Y. June 30, 2009) ("A motion to alter or amend a judgment pursuant to Rule 59(e) may be based upon three possible grounds: (1) an intervening change in the controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error of law or prevent manifest injustice."); *United States v. Local 1804-1, Int'l Longshoremen's Ass'n*, 831 F. Supp. 167, 169 (S.D.N.Y.1993) ("The purpose of post-judgment motions under Rule 52(b) is to give the district court an opportunity to correct manifest errors of law or fact . . . or in some limited situations, to present newly discovered evidence."), *aff'd sub nom. United States v. Carson*, 52 F.3d 1173 (2d Cir. 1995).

3

it did not misrepresent or conceal evidence, and that the deposition testimony at issue here does not constitute new evidence that would be a proper basis for a motion for reconsideration.  (Dkt. No. 58 at 7-10.)

The court begins by noting that PPC is correct that Corning only provided the court with excerpted pages of Peterson's deposition in response to PPC's motion for a preliminary injunction.  (Dkt. No. 39, Attach. 15.)  However, this omission went unaddressed by PPC in motion practice for the underlying motion, as PPC likewise failed to provide the court with the full deposition transcript, and did not make its argument regarding the context of the testimony, in its reply in further support of its motion.  (Dkt. No. 44.)  Although the surrounding portions of the testimony do provide further context, the court disagrees with PPC's characterization that Corning "misrepresent[ed]" the testimony.  (Dkt. No. 50, Attach. 1 at 18.)  Even when the excerpt of Peterson's testimony initially provided by Corning is read in addition to the context now provided by PPC, the most that can be said is that Peterson's testimony as to causation was inconsistent and inconclusive, as he expresses seemingly contradictory opinions.  (Dkt. No. 50, Attach. 3 at 67-73.)  Moreover, although the court was selective in what it cited in its order denying the motion for a preliminary injunction, the

4

record provided to the court on that motion contained evidence that supported its denial.

Furthermore, the fact remains that the entire deposition transcript was not provided to the court on the motion for preliminary injunction, and, thus, PPC has not met the standard for a motion for reconsideration. The court cannot overlook facts that were not before it at the time of its ruling on the underlying motion. *See Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) ("In order to prevail [on a motion for reconsideration], the moving party must demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put before the [c]ourt on the underlying motion." (internal quotation marks and citations omitted)); *Nowacki v. Closson*, No. 99-CV-975, 2001 WL 175239, at *1 (N.D.N.Y. Jan. 24, 2001) ("The high burden imposed on the moving party has been established in order to . . . prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." (internal quotation marks and citations omitted)); *Polin v. Kellwood Co.*, 132 F. Supp. 2d 126, 130 (S.D.N.Y. 2000) ("[A] motion for reconsideration . . . is limited to the record as to which reconsideration is sought. It does not permit the building of a different record.")

Further, PPC cannot demonstrate that the remainder of Peterson's deposition constitutes new evidence that should now be considered, because it has not argued, and presumably would be unable to prove, that this evidence was "neither in [its] possession nor available upon the exercise of reasonable diligence at the time the [underlying] decision was rendered." *Lynn-Caron*, 2012 WL 3888175, at *5. As the moving party with the burden of establishing the irreparable harm required for a preliminary injunction to issue, it was PPC's obligation to present this information to the court at the time of the motion, in order to rebut the assertion made by Corning, and it did not do so. *See Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012) ("Thus, to satisfy the irreparable harm factor in a patent infringement suit, a patentee must establish both of the following requirements: 1) that absent an injunction, it will suffer irreparable harm, and 2) that a sufficiently strong causal nexus relates the alleged harm to the alleged infringement.") In short, PPC has not argued an "intervening change in the controlling law" or that reconsideration is "necessary to remedy a clear error of law," and has not shown the existence of "new evidence [that was] not previously available" to it at the time of its motion for a preliminary injunction, such that

6

there are no proper grounds on which to grant its motion for reconsideration. *Lynn-Caron*, 2012 WL 3888175, at *4; *see* Fed. R. Civ. P. 60(b)(2). Its motion for reconsideration is therefore denied.

Accordingly, it is hereby

**ORDERED** that PPC's motion for reconsideration (Dkt. No. 50) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

January 5, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court