**B A R C L A Y   D A M O N**<sup>LLP</sup>

**Douglas J. Nash**
*Partner*

February 23, 2016

**VIA CM/ECF**

Honorable Gary L. Sharpe
United States District Judge
United States District Court for the Northern District of New York
James T. Foley United States Courthouse
445 Broadway, Room 112
Albany, New York  12207

> Re:   PPC Broadband, Inc. v. Corning Optical Communications RF LLC
> Case No. 5:13-cv-01310-GLS-DEP (N.D.N.Y.) (the "'1310 Case")
> Case No. 5:14-cv-01170-GLS-DEP (N.D.N.Y.) (the "'1170 Case")

Dear Judge Sharpe:

We represent the plaintiff, PPC Broadband, Inc.  Pending in the above-referenced cases are Corning's objections to Judge Peebles' Reports and Recommendations on the construction of certain disputed terms in the patents-in-suit.  (*See* '1310 Case, Dkt. 95, 99, 100; '1170 Case, Dkt. 40, 44, 45.)

On February 22, 2016, the United States Court of Appeals for the Federal Circuit issued a decision in connection with appeals from earlier rulings by the Patent Trial and Appeal Board (the "Board") concerning *inter partes* reviews ("IPR") of three related patents.[1]  That decision, which is attached to this letter as Exhibit A, is new legal precedent that has a direct bearing on a number of the claim construction issues that are currently before the Court.

For example, in both the '1310 and '1170 Cases, Judge Peebles' recommended construction of the iterations of the term "continuity member" is "a conductive component that provides continuity of grounding."  (*See* '1310 Case, Dkt. 95, p. 43; '1170 Case, Dkt. 40, p. 61.) The Court already adopted this construction in the '911 Case (*see* Dkt. 103).  Corning, however, has objected to this construction in the '1310 and '1170 Cases, and has proposed that the construction should be "a device disposed within the second end portion of the nut and contacting the post and the nut, such that it extends an electrical ground path from the post to the nut." (*See* '1310 Case, Dkt. 99, pp. 14-16; '1170 Case, Dkt. 44, pp. 13-15.)

---

[1] The three patents – U.S. Patent Nos. 8,287,320, 8,323,060, and 8,313,353 – are members of the same patent family as the patents asserted in the '1310 and '1170 Cases, and share the same specification as those patents.  PPC asserted these patents against Corning in Case No. 5:12-cv-00911-GLS-DEP (the "'911 Case"), which is currently stayed pending the outcome of the referenced appeals.

One Park Place – 300 South State Street – Syracuse, New York 13202  barclaydamon.com
dnash@barclaydamon.com  Direct: 315.425.2828  Fax: 315.703.7364
Also Admitted In: Massachusetts

11772893.2

Honorable Gary L. Sharpe
February 23, 2016
Page 2

In addition to improperly importing a number of limitations that simply are not in the claims, Corning's construction would allow for an intermittent ground path and therefore ignores the stated purpose of the invention – *i.e.*, to extend and maintain a consistent electrical ground path through the connector. The Federal Circuit has now addressed this very issue. That is, in the context of explaining that the outcome of the appeal turned on how and why the claim construction standard applicable to IPRs (*i.e.*, the so-called "broadest reasonable interpretation" currently under review by the Supreme Court) differs from the *Phillips* ordinary meaning standard applicable in district court cases, the Federal Circuit said "[u]nder *Phillips*, we would hold that the correct construction of the term "continuity member" requires, as PPC Broadband argues, a continuous or consistent connection." (*See* Fed. Cir. Decision, p. 9.) In other words, the correct construction under the district court *Phillips* standard cannot allow for an intermittent ground path.

This comports with Judge Peebles' recommended construction in the '1310 and '1170 Cases (and the Court's prior construction in the '911 Case). By requiring that the continuity member provide "continuity of grounding," Judge Peebles' recommended construction necessarily requires a "continuous or consistent connection," because without such a connection there would be no continuity of grounding. (*See* Fed. Cir. Decision, p. 13 ("[m]aintaining electrical continuity requires consistent or continuous contact.").) However, in light of the Federal Circuit's guidance on this issue, PPC respectfully requests that the Court make explicit in its final construction in the '1310 and '1170 Cases that the "continuity of grounding" required by Judge Peebles' construction requires a continuous or consistent connection.

Similarly, Corning objects, again in both cases, to Judge Peebles' construction of the terms "continuous metallic electrical ground pathway" and "continuous electrical contact pathway." (*See* '1310 Case, Dkt. 99, pp. 16-21; '1170 Case, Dkt. 44, pp. 8-13.) Corning's objection is focused on the fact that Judge Peebles included a "temporal" limitation that requires the pathway to exist at all times and under all normal operating conditions of the connector. In other words, Corning is again advocating for a construction that would allow for an intermittent ground path.

The Federal Circuit held that, under the broader claim construction standard applicable to IPRs, it was acceptable for the Board to have omitted the "temporal" limitation of "all the time" from its construction. The Federal Circuit also noted that "[b]ecause the Board's construction does not include this additional temporal limitation, it is broader than PPC Broadband's proposed construction." (*See* Fed. Cir. Decision, p. 11.) However, the Federal Circuit made clear that "the Board's construction ***is not the correct construction*** under *Phillips*," noting that "the specification discloses in multiple places that the continuity member should maintain a consistent and continuous connection." (*See id.* at pp. 11, 9 (emphasis added).) It noted further that:

> [T]he specification teaches that the fundamental purpose of the invention is to "ensur[e] ground continuity' and thereby solve problems associated with intermittent ground connections in the prior art, such as 'loss of ground and discontinuity of the electromagnetic shielding," [and that] the specification, which is replete with discussion of the "continuous" or

Honorable Gary L. Sharpe
February 23, 2016
Page 3

> "consistent" contact established by the continuity member, the correct construction of "continuity member" under the framework laid out in *Phillips*, . . . requires "consistent or continuous contact with the coupler/nut and the post to establish an electrical connection."

(*See id.* at 10.)

In other words, as Judge Peebles has recommended, the Federal Circuit decision supports the conclusion that, consistent with the stated purpose of the invention, the terms "continuous metallic electrical ground pathway" and "continuous electrical contact pathway" require a constant, non-intermittent electrical ground pathway, such that the pathway exists all of the time and under all normal operating conditions of the connector.  In light of the Federal Circuit's guidance on this issue, PPC respectfully requests that the Court's final construction in the '1310 and '1170 Cases reflect this requirement.

We appreciate the Court's consideration of this new precedent.

Respectfully Submitted,

Douglas J. Nash

cc: Counsel of Record
     Via CM/ECF

11772893.2