

**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC  20004
www.dlapiper.com

Joseph P. Lavelle
joe.lavelle@dlapiper.com
**T**  202.799.4780
**F**  202.799.5021

February 26, 2016
*VIA CM/ECF*

Honorable Gary L. Sharpe
United States District Judge
United States District Court for the Northern District of New York
James T. Foley United States Courthouse
445 Broadway, Room 112
Albany, New York 12207

**Re:**   ***PPC Broadband, Inc. v. Corning Optical Communications RF LLC***
Case No. 5:13-cv-01310-GLS-DEP (N.D.N.Y.) ("'1310 Case")
Case No. 5:14-cv-01170-GLS-DEP (N.D.N.Y.) ("'1170 Case")

Dear Judge Sharpe:

We represent the defendant, Corning Optical Communications RF LLC ("Corning"), in the above-referenced matters.  We write in response to a letter filed by plaintiff PPC Broadband, Inc. ("PPC") on February 23, 2016 regarding the construction of certain disputed claim terms in the patents-in-suit.  (*See* '1310 Case, Dkt. No. 103; '1170 Case, Dkt. No. 47.)

In its letter, PPC asks the Court to adopt constructions of certain disputed claim terms that differ from the constructions recommended by U.S. Magistrate Judge David E. Peebles. Specifically, Judge Peebles construed iterations of the term "continuity member" to mean "a conductive component that provides continuity of grounding."  (*See* '1310 Case, Dkt. No. 95 at 43; '1170 Case, Dkt. No. 40 at 61.)  PPC now asks the Court to alter Judge Peebles' recommended constructions by adopting a construction that requires that the "continuity of grounding" in Judge Peebles' construction be a "continuous or consistent connection."  (PPC Letter at 2.)   PPC further asks the Court to alter Judge Peebles' recommended constructions of iterations of the "continuous pathway" terms pending before you to similarly require "a constant, non-intermittent electrical ground pathway, such that the pathway exists all of the time, and under all normal operating conditions of the connector."  (*Id.* at 3.)  The Court should deny PPC's request in its entirety for several reasons.



Honorable Gary L. Sharpe
February 26, 2016
Page Two

First, PPC's request is untimely.  Judge Peebles' Report and Recommendation on claim construction in each case was issued on July 9, 2015.  (*See* '1310 Case, Dkt. No. 95; '1170 Case, Dkt. No. 40.)  The Court allowed the parties until August 17, 2015 to file any objections to Judge Peebles' constructions in each case.  (*See* '1310 Case, Dkt. No. 95 at 44; '1170 Case, Dkt. No. 40. at 61-62)  Corning timely filed its objections, while PPC chose not to object to any of Judge Peebles' recommended constructions.  Now, over six months after the deadline for filing objections, PPC is essentially objecting to Judge Peebles recommendations by asking the Court to "refine" the constructions recommended by Judge Peebles.  This is improper.  "[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the [magistrate's] order not timely objected to.").  Accordingly, PPC has waived its ability to object to Judge Peebles' constructions of the "continuity member" and "continuous pathway" terms by not filing timely objections.

Second, not only did PPC fail to timely object to Judge Peebles' constructions, it affirmatively asked this Court to adopt the constructions it now says should be changed.  (*See* '1310 Case, Dkt. No. 100 at 15-21; '1170 Case, Dkt. No. 45 at 8-13.)  There is no legitimate excuse for PPC's flip-flop.  The constructions PPC asks the Court to adopt in its Letter are not new.  They did not come to light as a result of the Federal Circuit's recent decision, as PPC misleadingly suggests.  These are the same constructions PPC urged Judge Peebles' to adopt and which Judge Peebles rejected.  (*See, e.g.,* '1310 Case, Dkt. No. 85 at 2 (PPC told Judge Peebles that its proposed construction of the "continuous pathway" terms "reflects the fact that the language used in the claims unambiguously requires that the pathway exists at **all times** and **under all normal operating conditions**." (emphasis in original); '1170 Case, Dkt. No. 37 at 11-12 (same).)   If PPC wished to continue seeking these constructions, it should have filed timely objections to Judge Peebles' constructions.  PPC did not do this.  In fact, it did just the opposite by asking the Court to adopt Judge Peebles' constructions.

Third, the statements in the Federal Circuit decision that PPC relies on in its Letter are not binding legal precedent.  The Federal Circuit did not construe any of the terms at issue in that case under the legal standard that is applicable to the Court's claim construction analysis in these cases.  Rather, the Federal Circuit holding considered the Patent Trials and Appeal Board's construction of disputed claim terms under a "broadest reasonable interpretation" standard, which is different than the standard that must be applied by this Court.  (*See* Dkt. No. 103-1 at 6-7 ("In IPRs, the Board gives claims their broadest reasonable interpretation consistent with the specification. . . . District courts, by contrast, do not assign terms their broadest reasonable interpretation.  Instead, district courts seek out the correct construction—the construction that most accurately delineates the scope of the claimed invention—under the framework laid out in



Honorable Gary L. Sharpe
February 26, 2016
Page Three

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc).").  The Federal Circuit did not consider the extensive claim language present in the related family member patents before you, and moreover, never even considered the some of the specific claim terms PPC now seeks to have construed differently.  Because the Federal Circuit construed the particular terms before it with briefing under a different standard and in the context of different family member patents, any comments it made regarding what it believed would be the correct construction of those terms under the *Phillips* standard are pure dicta and not binding on this Court.  *E.g., Schwabenbauer v. Board of Education of City of Olean*, 777 F.2d 837, 841-42 (2d Cir. 1985) (dicta not binding).

　　　For these reasons, the Court should deny PPC's request in its entirety.  However, if the Court is inclined to consider PPC's request, Corning respectfully requests that it first be given an opportunity to formally respond to PPC's arguments in a ten-page brief.  By seeking a "refinement" of Judge Peebles' constructions now, rather than timely objecting to the constructions when they were issued, PPC has prejudiced Corning's ability to respond.  Had PPC followed the Rules of Civil Procedure, Corning would have had the opportunity to file a brief in response to PPC's objections.  Corning therefore requests that, at a minimum, it be allowed to brief these issues and fully preserve its rights to appeal the Court's ultimate constructions.

Very truly yours,

**DLA Piper LLP (US)**

Joseph P. Lavelle
Partner

Admitted In District of Columbia Bar, United States Patent and Trademark Office

JPL

Cc: Counsel of Record via CM/ECF

EAST\121901992.1